UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| HARLEYSVILLE WORCESTER INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>      -v-<br><br>SOMPO JAPAN INSURANCE COMPANY OF AMERICA and CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON,<br>               Defendants. | 21-CV-150 (JPO)<br><br>OPINION AND ORDER |

J. PAUL OETKEN, District Judge:

This is an insurance coverage dispute originally filed in New York state court by Plaintiff Harleysville Worcester Insurance Company ("Harleysville") against Defendants Sompo Japan Insurance Company of America ("Sompo") and Certain Underwriters at Lloyd's Of London ("Lloyds," and collectively with Sompo, "Defendants"). After Lloyd's removed the action to this Court, Harleysville filed a motion to remand to state court. For the reasons that follow, the motion to remand is granted.

## I.     Background

Harleysville commenced this action against Defendants in New York state court on December 1, 2020. (Dkt. No. 2, Ex. A.) Harleysville served both Defendants with an amended complaint and summons through the New York State Department of Financial Services on December 11, 2020, and via personal service on December 18, 2020. (Dkt. No. 16, Ex. 5; Dkt. No. 16, Ex. 6.) On January 8, 2021, Lloyd's filed a notice of removal, removing the action to this Court. (Dkt. No. 2.) At this point, Sompo had not filed a notice of appearance in the case, and an attempt was made to serve the notice of removal on Sompo via mail. (Dkt. No. 17 ¶ 3.)

However, the copy of the notice of removal was returned to Lloyd's as undeliverable.  (Dkt. No. 17 ¶ 3.)

On February 5, 2021, Harleysville requested a thirty-day extension to "move or otherwise respond" to the notice of removal.  (Dkt. No. 12.)  This Court granted the extension and directed Harleysville to respond to the notice of removal on or before March 8, 2021.  (Dkt. No. 13.)  On February 8, 2021, counsel for Sompo entered an appearance in this case.  (Dkt. No. 15).  Harleysville filed its motion to remand to state court on March 8, 2021.  (Dkt. No. 16.)  On March 11, 2021, counsel for Lloyd's emailed Sompo's counsel about the notice of removal, and Sompo's counsel responded that Sompo would consent to the removal.  (Dkt. No. 17, ¶ 6.)

## II.    Legal Standard

A defendant seeking to remove a civil action from state court to federal court must do so "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b)(1).  The Second Circuit has "consistently interpreted the statute as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the rule of unanimity."  *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (quotation marks omitted).  This requirement means that every defendant "must independently express their consent to removal" within the thirty-day period.  *Id.*  "[T]he rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period."  *In re Vill. of Kiryas Joel, N.Y.*, No. 11 Civ. 8494, 2012 WL 1059395, at *3 (S.D.N.Y. Mar. 29, 2012).

There are three exceptions to the rule of unanimity: (1) if the defendant has not been served at the time the removal petition is filed; (2) if the defendant is merely a nominal party; and (3) if the defendant is not subject to the removed claim because it is a "separate and

independent claim." *Heller v. N.Y.C. Health & Hosps. Corp.*, No. 09 Civ. 6193, 2010 WL 481336, at *2 (S.D.N.Y. Feb. 1, 2010) (quotation marks omitted).

A plaintiff must move to remand a case back to state court within thirty days after removal. *Hamilton v. Aetna Life & Cas. Co*, 5 F.3d 642, 643 (2d Cir. 1993). "Failure to timely file a notice of removal is a procedural defect rather than a jurisdictional one and therefore a motion [to remand] premised on that defect is waived if not asserted within the thirty-day window provided by § 1447(c)." *Bisesto v. Uher*, No. 19 Civ. 1678, 2019 WL 2537452, at *5 (S.D.N.Y. June 20, 2019) (quotation marks omitted).

## III.    Discussion

Harleysville moves to remand on the ground that Lloyd's failed to obtain Sompo's consent to removal.  (Dkt. No. 16, Ex. 2 at 8–10.)  It argues that Lloyd's notice of removal does not mention whether it attempted to serve the notice on Sompo and only states that Sompo is "unknown to them." (Dkt. No. 16, Ex. 2 at 9.)  Lloyd's does not dispute that it failed to comply with the rule of unanimity.  Rather, it argues that Harleysville failed to raise an objection to the notice of removal within thirty days of the notice, thereby waiving its objection to this procedural defect, and that regardless, the defect was cured by Sompo's consent to removal.  (Dkt. No. 17 at 2–3).

The Court concludes that Harleysville's motion to remand was timely.  Lloyd's filed a notice of removal on January 8, 2021.  (Dkt. No. 2.)  Harleysville originally was required to respond by February 8, 2021, pursuant to 28 U.S.C. § 1447(c).  However, on February 5, 2021, Harleysville requested a thirty-day extension, and Lloyd's counsel consented to the extension. (Dkt. No. 12.)  The Court granted the extension on February 8, 2021 (Dkt. No. 13), and Harleysville then filed its motion to remand on March 8, 2021 (Dkt. No. 16).  Harleysville thus

properly relied on the Court's order granting the extension and its motion was filed in a timely manner.[1]

Furthermore, the Court holds that Sompo's lack of written consent is fatal to Lloyd's removal action.  Indeed, as Harleysville notes, Sompo has yet to submit its independent consent of removal to this Court.  *See Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12 Civ. 5557, 2013 WL 1234958, at *7 (S.D.N.Y. Mar. 26, 2013) ("[I]n line with a body of clear and settled precedent, the Court holds that [e]ven where the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal." (quotation marks omitted)).

## IV.   Conclusion

For the foregoing reasons, Plaintiff's motion to remand the case to state court is GRANTED and Plaintiff's request for costs and attorney's fees is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 18 and to remand this case to New York Supreme Court for New York County.

SO ORDERED.

Dated:  November 5, 2021
      New York, New York

_____
           J. PAUL OETKEN
         United States District Judge

---

[1] This Court also has discretion to treat a motion to remand that is filed after the thirty-day deadline as timely if it does not cause unfair prejudice to the defendant.  *See Phx. Global Ventures, LLC v. Phx. Hotel Ass'n, Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005).  Thus, even if the motion was untimely, Lloyd's has failed to argue how it would be unduly prejudiced by the delay.  *See, e.g.*, *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d. 357, 369–71 (S.D.N.Y. 2006).